OPINION
Appellant, Joe W. Morgan, D.O., appeals from a decision of the Franklin County Court of Common Pleas affirming an order of appellee, the State Medical Board of Ohio, suspending appellant's license to practice medicine for two years.
On December 3, 1997, appellee issued a Notice of Opportunity of Hearing letter to appellant informing him that appellee proposed to take disciplinary action against him and advising him of his right to request a hearing. Appellant responded with a letter dated December 20, 1997, offering to plead nolo contendere along with providing a narrative explanation. Appellant sent another letter dated January 2, 1998, requesting a hearing. The hearing was scheduled for February 25, 1998, but appellant did not appear for the hearing. The hearing examiner issued a Report and Recommendation proposing that appellant's license be suspended for ninety days and that he be placed on probation for one year. On May 13, 1998, appellee adopted the hearing examiner's Report and Recommendation but modified the suspension to a two-year suspension and required that appellant complete a standardized assessment of clinical competency examination to assess clinical competency. Appellee issued its order suspending appellant's license on June 9, 1998.
Appellant filed a pro se appeal in the Franklin County Court of Common Pleas, pursuant to R.C. 119.12, on June 22, 1998. Both parties filed briefs, and the trial court issued a decision affirming the order on November 3, 1998. Subsequently, appellant obtained counsel and filed a notice of appearance, a motion to file a substitute merit brief instanter, and a substitute brief on November 13, 1998. Appellee filed a memorandum in opposition to appellant's motion. On November 27, 1998, the trial court issued a final judgment entry affirming the order in accordance with the trial court's prior decision. Appellant filed a timely notice of appeal.
On appeal, appellant asserts three assignments of error:
 I. FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN IT REFUSED TO ALLOW APPELLANT TO FILE A SUBSTITUTE A [SIC] BRIEF INSTANTER.
 II. SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THE ORDER OF THE STATE MEDICAL BOARD OF OHIO IS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.
 III. THIRD ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THE ORDER OF THE STATE MEDICAL BOARD OF OHIO IS IN ACCORDANCE WITH LAW.
In November 1992, appellant discovered that he was five hours short of the required twenty-five hours of continuing medical education ("CME") hours necessary to renew his Missouri medical license. Appellant altered three entries on his activity report from the American Osteopathic Association by changing the last numeral of the year to a "2" to indicate that he had attended the courses in 1992. Appellant's altered CME report was submitted to the Missouri Board to renew his medical license, despite appellant not having actually earned enough hours to do so. The Missouri Board audited appellant and discovered the discrepancy. On August 23, 1995, appellant entered into a consent order, including joint proposed findings of fact and conclusions of law, with the Missouri Board whereby he admitted altering his CME report and agreed to discipline in the form of a public reprimand and to complete an additional fifty CME hours with twenty-five of these hours focusing on ethics.
When appellant subsequently renewed his medical license in six other states, including Ohio on April 6, 1996, he failed to disclose the Missouri consent order. Instead, he represented in these renewal applications that he had not been subject to disciplinary action in any other state.
Appellant entered into a consent order and stipulation with the Michigan Board on June 3, 1996, under which he was fined $500 and placed on probation until his Missouri license had all terms and conditions removed. The basis of the Michigan disciplinary action was appellant's discipline in Missouri and his failure to report the Missouri consent order to the Michigan Board. Appellant also entered into an agreed order of reprimand with the Kentucky Board on December 2, 1996, whereby he was publicly reprimanded and fined $500. The Kentucky sanction was based on appellant's false statement in his 1996 Kentucky license renewal that he had not been disciplined in any state, as well as the Missouri disciplinary action. The Kentucky order noted that appellant was issued a letter of chastisement by the Tennessee licensing authority and that he was also being investigated for disciplinary action in Indiana and California.
Appellee initiated the Ohio disciplinary action against appellant based on the Missouri consent order, appellant's false answer on his Ohio renewal application, the Michigan consent order and fine, and the Kentucky agreed order of reprimand and fine.
In appellant's first assignment of error, he argues that the trial court abused its discretion by refusing to allow appellant to submit a substitute merit brief. We disagree.
Under R.C. 119.12, the trial court's hearings on an appeal from an administrative agency are to be conducted as in the trial of a civil action, and the parties may submit arguments in briefs. Although this court held in In The Matter of ApplicationFor D-1 Liquor Permit Filed With The Ohio Dept. of Liquor Controlby Stanley E. Stover v. The Bd. of County Commrs. Of Preble Cty.
(July 2, 1985), Franklin App. No. 84AP-1085, unreported (1985 Opinions 1936), that the civil rules do not apply to administrative appeals under R.C. 119.12, Civ.R. 15(A), allowing for amendments to pleadings, is helpful by analogy. Under Civ.R. 15(A), a party may amend a pleading once prior to service of the responsive pleading or within twenty-eight days of service for pleadings for which no response is permitted. Thereafter, a party may amend a pleading only with permission of the court or written consent of the opposing party; however, Civ.R. 15(A) provides that "[l]eave of court shall be freely given when justice so requires." An appellate court will not reverse a trial court's decision on a motion to amend a pleading absent an abuse of discretion.Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co.
(1991), 60 Ohio St.3d 120, 122. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218.
Here, the trial court did not rule on appellant's motion. However, "[w]hen a trial court fails to rule on a motion, the appellate court presumes that the trial court overruled the motion." Brannan v. Fowler (1995), 100 Ohio App.3d 577, 581. Thus, the issue is whether the trial court abused its discretion by not permitting appellant to amend his brief.
Appellant, a highly educated professional, elected to pursue his appeal pro se. As appellee correctly noted, pro se
litigants are held to the same rules and procedures as litigants represented by an attorney. Jones v. Booker (1996), 114 Ohio App.3d 67,70; Justice v. Lutheran Social Services of Central Ohio
(Apr. 8, 1993), Franklin App. No. 92AP-1153, unreported (1993 Opinions 1330). Appellant filed the notice of appeal on June 22, 1998. By the clerk's original briefing schedule, appellant was to file his brief by August 31, 1998, and appellee was to file its brief by September 14, 1998, with appellant having until September 21, 1998, to file a reply brief. Appellant waited until November 13, 1998, ten days after the trial court had issued its decision, to retain counsel and to file a motion requesting leave of the court to file a substitute merit brief. Thus, because appellant exceeded the time provided in the clerk's briefing schedule, he could only amend his brief with permission of the court.
Ohio courts have overruled motions to amend pleadings that were untimely filed and offered no reason for the delay.McSweeney v. Jackson (1996), 117 Ohio App.3d 623, 630 (affirming the trial court's denial of a motion to amend the pleadings that was made during the course of the trial after the close of the plaintiff's case); St. Marys v. Dayton Power Light Co. (1992),79 Ohio App.3d 526, 536 (affirming the trial court's refusal to allow an answer to be amended twenty minutes prior to the hearing); Meadors v. Zaring Co. (1987), 38 Ohio App.3d 97, 99
(affirming the trial court's overruling of a motion to amend a complaint that was made after discovery was completed and after summary judgment in favor of the defendant was orally announced but prior to the trial court's filing of a final judgment entry). Here, appellant's motion offered no explanation for the delay. Although appellee's counsel sent appellant a copy of the decision by overnight mail on November 5, 1998, appellant asserts that he did not receive a copy of the decision until the end of November because he had moved. However, appellant's counsel conceded during oral argument that he did not check to see if the trial court had ruled on the appeal prior to filing the motion. Additionally, appellant's counsel did not ask the trial court to reconsider its decision or file a motion for a new trial prior to the issuance of the final judgment entry. Clearly, the trial court was under no duty to reconsider its decision sua sponte.
Consequently, appellant's motion, filed ten days after the trial court issued a written decision affirming appellee's order, was untimely. Moreover, under the circum-stances, the interests of justice did not require that the trial court grant the motion. Therefore, the trial court did not abuse its discretion by overruling the motion. Additionally, any prejudice to appellant from not having assistance of counsel was caused by his own delay in retaining an attorney. Appellant's first assignment of error is without merit and is overruled.
Appellant's second and third assignments of error will be addressed together. In appellant's second and third assignments of error, he argues that the trial court abused its discretion when it found that the order of the State Medical Board was supported by reliable, probative and substantial evidence and was in accordance with law. We disagree.
Under R.C. 119.12, a trial court reviewing an order of an administrative agency must consider the entire record and determine whether "the order is supported by reliable, probative, and substantial evidence and is in accordance with law." The trial court must give due deference to the agency's resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 111. If the trial court finds that the order is supported by reliable, probative and substantial evidence and is in accordance with law, then the trial court must affirm the order. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. However, an appellate court's review is more limited. Id. The appellate court reviews the trial court's decision on an abuse of discretion standard and, absent an abuse of discretion, the appellate court must affirm. Id.
Appellee's order suspending appellant's license was based on the Missouri consent order, appellant's failure to report the Missouri consent order to the Ohio Board when he renewed his license, the Michigan consent order, and the Kentucky agreed order of reprimand. Appellant does not dispute that he entered into the Missouri, Michigan and Kentucky orders, and he does not dispute that he incorrectly marked his Ohio renewal application. However, he argues that his answer on the Ohio renewal form that he had not been subject to any disciplinary action in another state was merely a mistake and not an intentional act of misrepresentation. Thus, the only evidentiary question before the board and the trial court was whether appellant's action was a mistake.
Appellant asserts that the only evidence before the board and the trial court was his letter, so the trial court was bound to accept his explanation that his failure to mark the renewal form to reflect the Missouri disciplinary action was a mistake. Thus, according to appellant, there was not reliable, probative and substantial evidence supporting the board's order. However, as noted above, the trial court must give deference to the board's resolution of evidentiary conflicts, and, moreover, the board is not bound to accept a version of the facts that it does not find credible where there is other evidence in the record to the contrary. See Conrad, at 111; Davidson v. State Med. Bd.of Ohio (May 7, 1998), Franklin App. No. 97APE08-1036, unreported (1998 Opinions 1759), citing State ex rel. Burley v. Coil Packing,Inc. (1987), 31 Ohio St.3d 18, 20-21.
The board's minutes of May 13, 1998, indicate that the board felt that appellant had engaged in a pattern of misrepresentation beginning with altering his CME report and submitting it to the Missouri board to renew his license and culminating in his failure to disclose the Missouri consent order on renewal applications in six other states, including Ohio. The trial court found that the board considered appellant's explanation was merely palliative and that his failure to disclose was not a mistake.
Contrary to appellant's assertion, his letter was not the only evidence in the record. Appellant admitted in his letter and in the Missouri joint stipulation findings of fact that he intentionally altered three entries on his CME report to reflect that he had earned more CME hours than he actually had earned. He admitted in joint proposed findings of fact 11 of the Missouri joint stipulation that he submitted the false CME report to the Missouri Board to renew his registration. This admission is contradictory to his explanation in his letter that he changed his mind about submitting the false report but someone on his staff had already mailed the renewal. Moreover, he stated in his letter that he was thinking over the Missouri decision when he filled out his renewal forms and that he marked six of them incorrectly. The Ohio renewal form specifically asked if he had been subject to "any disciplinary action." In his letter, appellant states that only later did he realize that the Missouri consent order was reportable as a disciplinary action.
Based upon the evidence in the record, the board could reasonably conclude that appellant's failure to identify the Missouri consent order on his Ohio renewal application was not a mistake but, instead, was part of a pattern of intentional misrepresentation. Therefore, the trial court did not abuse its discretion in concluding that there was reliable, probative and substantial evidence supporting the board's order.
Appellant also argues that the board's order is not in accordance with law because there was no proof of intent, a required element for a violation of R.C. 4731.22(A) and (B)(5), and because the Missouri consent order did not qualify under the version of R.C. 4731.22(B)(22) in effect at the time. However, appellant does not dispute that the Michigan and Kentucky orders subjected him to discipline under the current version of R.C.4731.22(B)(22).
The board concluded that appellant's failure to disclose the Missouri consent order on his Ohio renewal application constituted a violation of R.C. 4731.22(A), for "misrepresentation, or deception in applying for or securing any license or certificate issued by the board," and R.C.4731.22(B)(5), for "publishing a false, fraudulent, deceptive, or misleading statement." This court has previously held that proof of intent is necessary for a violation of R.C. 4731.22(A) and (B)(5). Rajan v. State Med. Bd. of Ohio (1997), 118 Ohio App.3d 187,194; In re Wolfe (1992), 82 Ohio App.3d 675, 686-687. Although appellant argues that there is no evidence of any intent to misrepresent, as we concluded above, there was sufficient evidence in the record on which the board could find that appellant engaged in a pattern of intentional misrepresentation. Thus, the board's conclusion that appellant violated R.C.4731.22(A) and (B)(5) was proper.
Appellant contends that the Missouri consent order does not subject him to discipline under the version of R.C.4731.22(B)(22) in effect at the time of the consent order on August 23, 1995. At that time, R.C. 4731.22(B)(22) provided that the board could discipline a physician for:
 The limitation, revocation, or suspension by another state of a license or certificate to practice issued by the proper licensing authority of that state, the refusal to license, register, or reinstate an applicant by that authority, or the imposition of probation by that authority, for an action that also would have been a violation of this chapter, except for nonpayment of fees[.]
Appellant argues that the Missouri consent order was not a "limitation," "revocation," "suspension," or "probation" and that, if the legislature intended reprimands to be included, it would have stated so in the statute, as the legislature subsequently did when it amended R.C. 4731.22(B)(22) effective March 5, 1996, to include "the issuance of an order of censure or other reprimand." As appellant notes, the code does not provide definitions for these terms, but the board provided definitions in a May 8, 1998 newsletter. Appellee argues that the Missouri consent order constitutes "probation," which it defined in the May 8, 1998 newsletter as "Licensee's practice is monitored by the Medical Board."
Even assuming arguendo that the Missouri consent order does not constitute a violation of former R.C. 4731.22(B)(22), the trial court did not abuse its discretion in concluding that the board's order was in accordance with law. As noted above, appellant does not dispute that the Michigan and Kentucky orders constitute violations of the current version of R.C.4731.22(B)(22). Moreover, the board based the two-year suspension on violations of R.C. 4731.22(A), (B)(5), and both versions of (B)(22). A suspension is specifically authorized by R.C.4731.22(B) for one or more violations of the thirty-three infractions provided in that subsection. (Emphasis added.)
Once the trial court found that any one of the alleged violations was supported by reliable, probative and substantial evidence and that the penalty was in accordance with law, the trial court lacked authority to modify the penalty and was bound to affirm the order of the board. Garwood v. State Med. Bd. ofOhio (1998), 127 Ohio App.3d 530, 533; Sicking v. Ohio StateMedical Bd. (1991), 62 Ohio App.3d 387, 395. Therefore, we conclude that the trial court did not abuse its discretion in affirming the order of the State Medical Board. Consequently, appellant's second and third assign-ments of error are without merit and are overruled.
For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and PETREE, JJ., concur.