WEBB, Appellant,

v.

STATE MEDICAL BOARD OF OHIO, Appellee.

[Cite as *Webb v. State Med. Bd. of Ohio,* 146 Ohio App.3d 621, 2001–Ohio–3991.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 01AP–469.

Decided Nov. 29, 2001.

*Stephen J. Pruneski* and *David S. Nichol*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Hanz R. Wasserburger*, Assistant Attorney General, for appellee.

BOWMAN, Judge.

{¶1} Appellant, Delano H. Webb III, M.D., appeals from the judgment of the Franklin County Court of Common Pleas, which affirmed the decision of the State Medical Board of Ohio ("Ohio medical board") that permanently revoked appellant's medical license, stayed the revocation pending suspension of the license for not less than one year, and placed appellant on probation for five years after reinstatement. For the reasons that follow, we reverse and remand this case for further proceedings.

{¶2} Appellant, a psychiatrist, practices primarily in West Virginia, where he had been licensed since 1974. He has also been licensed since 1975 in Ohio, where he serves as a consultant for a residential treatment facility for adolescent males.

{¶3} By letter dated September 8, 1999, the Ohio medical board notified appellant that it intended to determine whether to take disciplinary action against his certificate to practice medicine in Ohio for alleged violations of R.C. Chapter 4731. In the letter, the Ohio medical board alleged that (1) Dr. Webb had failed to disclose on his 1994, 1996 and 1999 Ohio renewal applications that disciplinary actions had been initiated against him by the West Virginia Board of Medicine ("West Virginia medical board") and (2) Dr. Webb had been disciplined by the West Virginia medical board for having an improper sexual relationship with a patient.

{¶4} Appellant represented himself at an administrative hearing before a hearing examiner on October 8, 1999. Appellant testified that he believed that he accurately completed his 1994 and 1996 renewal applications. Appellant was asked on those applications whether any disciplinary action had been "taken or initiated" by licensing boards outside of Ohio and he responded "no." Appellant admitted that he knew at the time that he completed the 1994 and 1996 applications that complaints had been filed against him by the West Virginia medical board. He testified, however, that he believed that the filing of complaints merely prompted investigations; he did not believe that the filing of complaints demonstrated that disciplinary action had been taken or initiated. Appellant further testified that he consulted with an attorney who advised appellant that "no" was the accurate answer to the question about disciplinary action on the 1994 and 1996 renewal applications. Appellant produced a corroborating affidavit from his attorney. He also produced copies of his renewal applications to practice medicine in West Virginia and Kentucky, highlighting that he answered "yes" to those states' medical boards' questions about disciplinary action because the questions expressly referred to investigations.

{¶5} Appellant acknowledged that the Ohio medical board changed the wording on the 1999 renewal application so that the question about disciplinary action also asked whether any investigations had been initiated. Appellant admitted that he inaccurately answered "no" when he should have answered "yes," as he was indeed under investigation by the West Virginia medical board. Appellant explained that he had instructed his secretary to pull his 1996 application and use it to complete the 1999 renewal application. He testified that neither he nor his secretary noticed the change in the wording of the question about disciplinary action. Appellant testified that his failure to accurately answer the question was inadvertent, and he apologized for his mistake.

{¶6} In his report and recommendation, the hearing officer issued the following findings of fact:

{¶7} "1. On or about April 4, 1994, Delano H. Webb, III, M.D., signed the application for renewal of his certificate to practice medicine and surgery in Ohio, certifying that the information provided on the application was true and correct in every respect. In response to the question, 'At any time since signing your last application for renewal of your certificate have you * * * 5.) Had any disciplinary action taken or initiated against you by any state licensing board other than the State Medical Board of Ohio?' Dr. Webb responded, 'No.'

{¶8} "In fact, on or about November 5, 1993, the West Virginia Board of Medicine [West Virginia Board] had issued to Dr. Webb a Complaint and Notice of Hearing.

{¶9} "2. On or about March 14, 1996, Dr. Webb signed the application for renewal of his certificate to practice medicine and surgery in Ohio, certifying that the information provided on the application was true and correct in every respect. In response to the question, "At any time since signing your last application for renewal of your certificate have you * * * 5.) Had any disciplinary action taken or initiated against you by any state licensing board other than the State Medical Board of Ohio?" Dr. Webb responded, 'No.'

{¶10} "In fact, on or about August 12, 1994, the West Virginia Board issued to Dr. Webb a Complaint and Notice of Hearing.

{¶11} "3. On or about April 5, 1999, Dr. Webb signed the application for renewal of his certificate to practice medicine and surgery in Ohio, certifying that the information provided on the application was true and correct in every respect. In response to the question, 'At any time since signing your last application for renewal of your certificate have you: * * * 5.) Except for actions taken by this board, been notified of any investigation concerning you by, or, been notified of, any charges, allegations, or complaints filed against you, any board, bureau, department, agency, or other body, including those in Ohio, with respect to a professional license? This includes denial, limitation, restrictions, suspension, revocation, censure, reprimand or fine,' Dr. Webb responded, 'No.'

{¶12} "In fact, in December 1998, two complaints alleging that Dr. Webb failed to release medical records upon request were filed against him with the West Virginia Board by patients. The West Virginia Board began investigation of those complaints and in February 1999, Dr. Webb filed responses to those complaints.

{¶13} "4. On or about July 21, 1999, the West Virginia Board entered an Order which revoked Dr. Webb's license to practice medicine and surgery in

West Virginia, stayed such revocation, and placed his license on probation for a period of five years.

{¶14} "The West Virginia Board Order was based upon findings including that Dr. Webb engaged in a sexual relationship with an individual prior to March 1977 'at a time when she was a patient and a very young disturbed woman'; that after transferring this individual's care to another psychiatrist in March 1977, Dr. Webb continued to care for and treat her, including prescribing potentially addictive drugs to her, giving numerous orders at hospitals regarding her care, and otherwise taking responsibility for her care, through 1983; and that Dr. Webb admitted to having sex and engaging in a sexual relationship with this individual, during the lengthy period of time from March 1977 through 1983.

{¶15} "5. Dr. Webb answered 'Yes' to questions posed by the Kentucky Board and various health care agencies when those questions made reference to being under 'investigation' by a licensing board."

{¶16} Based upon his findings of fact, the hearing examiner concluded that appellant's conduct constituted fraud, misrepresentation, or deception in applying for or securing any license or certificate issued by the board and, therefore, violated R.C. 4731.22(A). The hearing examiner further concluded that appellant's conduct amounted to publishing a false, fraudulent, deceptive, or misleading statement and, therefore, violated R.C. 4731.22(B)(5). In reaching his conclusions, the hearing examiner reasoned as follows:

{¶17} "* * * Clearly, Dr. Webb's denial that any disciplinary action had been taken or initiated against him by any state licensing board other than the State Medical Board of Ohio in his application for renewal of his license was a misrepresentation of fact, and was likely to cause an ordinarily prudent person to be deceived. *Such a misrepresentation, even if unintentional, violates Ohio law.*" (Emphasis added.)

{¶18} The hearing examiner also concluded that the West Virginia medical board order revoking appellant's license to practice in West Virginia constituted an action by a state agency against appellant's license, which allows the Ohio medical board to impose discipline pursuant to R.C. 4731.22(B)(22). The hearing examiner noted that the West Virginia medical board order was on appeal to the West Virginia courts. He stated, however, that, "even if the West Virginia Board Order is vacated[,] discipline of Dr. Webb is justified by * * * his misrepresentations to the Ohio Board." He proposed that appellant's medical license be revoked, with the revocation stayed pending suspension of his license for not less than one year. On April 5, 2000, the Ohio medical board voted to approve and confirm the hearing officer's proposed findings of fact, conclusions of law and order.

{¶19} Appellant appealed the decision to the Franklin County Court of Common Pleas. The trial court determined that the Ohio medical board erred when it concluded that misrepresentations by appellant on his applications violated R.C. 4731.22, even if appellant made them *unintentionally*. Nonetheless, the trial court reasoned that "it is clear from the minutes of the Board meeting held April 5, 2000, that the Board did not believe that Dr. Webb did not intend to mislead it." The court also concluded that disciplinary action against appellant by the West Virginia medical board provided additional grounds for discipline in Ohio.

{¶20} The trial court remanded the decision to the Ohio medical board with instructions that the board's order "should be amended technically to delete the * * * language in which it adopted the erroneous conclusion of the hearing examiner and to add language which reflects their conclusion that Dr. Webb intended to deceive the Board." The trial court otherwise affirmed the decision of the Ohio medical board.

{¶21} By order dated April 19, 2001,[1] the Ohio medical board amended its decision by deleting the phrases "even if unintentional" from its conclusions of law. The entry further stated as follows:

{¶22} "* * * The purpose of these deletions is to clarify the conclusions of the State Medical Board that Dr. Webb's misrepresentations were, in fact, intentional. This conclusion is evidenced by the full minutes of the Board's discussion of this matter on April 5, 2000, which are incorporated by this reference into the Board's Findings and Order of that same date."

{¶23} On further appeal to this court, appellant now asserts the following assignments of error:

{¶24} "1. The Trial Court erred in upholding the State Medical Board of Ohio's Decision, which found that Dr. Webb's misrepresentations on his license renewal applications, even if unintentional, violates Ohio law.

{¶25} "2. The Trial Court erred in upholding the State Medical Board of Ohio's decision, irrespective of any intentional misrepresentations, based on the disciplinary actions taken by the State Medical Board of West Virginia."

■ {¶26} At the outset, we note the applicable standards for reviewing an appeal from the State Medical Board. When considering an appeal from a medical board's order, a common pleas court must uphold the order if it is supported by reliable, probative and substantial evidence, and is in accordance with law. R.C. 119.12; *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. The court is obligated to accord due deference to the

---

1. The April 19, 2001 order is not before this court and we do not decide whether the order was clarified or was in effect a new, changed order.

board's interpretation of the technical and ethical requirements of the medical profession. *Pons* at 621, 614 N.E.2d 748.

{¶27} This court's review of the common pleas court, however, is limited to determining whether the common pleas court abused its discretion. Id. Absent an abuse of discretion by the trial court, this court must affirm the trial court's judgment. Id. On questions of law, however, the common pleas court does not exercise discretion and our review is plenary. *Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd.* (1992), 63 Ohio St.3d 339, 587 N.E.2d 835, paragraph one of the syllabus. Because we find that the Ohio medical board's decision was not in accordance with law, we conclude that the trial court abused its discretion in affirming the medical board's decision.

{¶28} By his first assignment of error, appellant argues that the trial court erroneously upheld the medical board's decision in spite of the fact that the decision indicated that appellant's misrepresentation, even if unintentional, had violated Ohio law. We conclude that the trial court erroneously upheld this portion of the medical board's decision. The decision was based on the medical board's erroneous conclusions that appellant could violate R.C. 4731.22(A) and 4731.22(B)(5), even if he did not intend to mislead the Ohio medical board. Moreover, the findings of fact adopted by the Ohio medical board do not establish that appellant intentionally misled the board.

{¶29} The medical board adopted the hearing examiner's conclusions that appellant violated R.C. 4731.22(A) and 4731.22(B)(5). R.C. 4731.22(A) provides as follows:

{¶30} "The state medial board, pursuant to an adjudication under Chapter 119. of the Revised Code and by a vote of not fewer than six of its members, may revoke or may refuse to grant a certificate to a person found by the board to have committed fraud in passing the examination or to have committed fraud, misrepresentation, or deception in applying for or securing any license or certificate issued by the board."

{¶31} R.C. 4731.22(B) states as follows:

{¶32} "The board, pursuant to an adjudication under Chapter 119. of the Revised Code and by a vote of not fewer than six members, shall, to the extent permitted by law, limit, revoke, or suspend a certificate, refuse to register or refuse to reinstate an applicant, or reprimand or place on probation the holder of a certificate for one or more of the following reasons:

{¶33} "* * *

{¶34} "(5) * * * [P]ublishing a false, fraudulent, deceptive, or misleading statement."

{¶35} We have previously concluded that, to find a violation of R.C. 4731.22(A), the Ohio medical board must find that the "statements were made with an intent to mislead the medical board." *In re Wolfe* (1992), 82 Ohio App.3d 675, 687, 612 N.E.2d 1307. Likewise, in *Rajan v. State Med. Bd. of Ohio* (1997), 118 Ohio App.3d 187, 194, 692 N.E.2d 238, we concluded that "the same proof with regard to intent is required under R.C. 4731.22(B)(5)[.]" Accordingly, in order to discipline appellant for violations of R.C. 4731.22(A) or 4731.22(B)(5), the Ohio medical board was required to find that appellant intentionally misled the board.

{¶36} The trial court properly concluded that the Ohio medical board committed error when it adopted a conclusion of law that indicated that appellant's intent was irrelevant. The trial court erred, however, when it nonetheless affirmed the board's decision that appellant had violated R.C. 4731.22(A) and 4731.22(B)(5). The court reasoned that "it is clear from the minutes of the Board meeting held April 5, 2000, that the Board did not believe that Dr. Webb did not intend to mislead it." We do not agree that the minutes from the Ohio medical board's meeting establish the requisite finding that appellant intended to mislead the board.

{¶37} With regard to the issue of misrepresentation, the meeting minutes reflect the following colloquy among board members:

{¶38} "Dr. Somani stated that he looked at this case and there were two issues involved. On three separate occasions, when applying for renewal of his Ohio license, Dr. Webb responded 'no' incorrectly to one of the questions asked on the applications. In the past the Board has dealt with these types of issues in a harsh manner. Not telling the Board the truth is inappropriate. This was done on three separate occasions. Dr. Somani stated that he finds it difficult to believe that this was an oversight. Even if it was an oversight, it should be [*sic* ] been caught the second or third time.

{¶39} "Dr. Somani continued that * * * the Board doesn't know the details to know whether or not [the sexual relationship] was brief. If Dr. Webb is trying to minimize the second charge by saying it was brief, it reinforces that his three attempts to mislead this Board were not simple oversight. * * *

{¶40} "* * * Dr. Stienecker stated that he agrees with Dr. Somani that three repetitious miscues on the assertion to the Board certainly can't be ignored. * * *

{¶41} "* * * Dr. Bhati stated that * * * the main thing under discussion is the three times Dr. Webb gave false answers on his renewal applications. * * *"

{¶42} These excerpts from the meeting minutes, which constitute the entire documented discussion by the Ohio medical board in its April 5, 2000 meeting regarding the issue of misrepresentation, do not demonstrate that the board, as

opposed to a few members, found that appellant intended to mislead it. Neither Dr. Stienecker nor Dr. Bhati concluded that appellant intentionally misled the board. Although Dr. Somani contemplated that it was possible that appellant's misrepresentations were "not simple oversight," he likewise never stated that appellant intentionally misled the board. Moreover, the board expressly adopted the hearing officer's report and recommendations, including the hearing officer's finding that appellant's renewal applications in other jurisdictions supported appellant's contention that his misrepresentations in Ohio were unintentional. In light of this record, we conclude that the trial court abused its discretion when it affirmed the board's decision that appellant had violated R.C. 4731.22(A) and 4731.22(B)(5). Accordingly, we affirm appellant's first assignment of error.

{¶43} By his second assignment of error, appellant argues that the trial court erroneously upheld the medical board's decision, pursuant to R.C. 4731.22(B)(22), to take disciplinary action against appellant as a consequence of the disciplinary action that had been taken against him by the West Virginia medical board. R.C. 4731.22(B)(22) provides that the medical board may revoke or suspend a certificate for the following reason:

{¶44} "The limitation, revocation, or suspension by another state of a license or certificate to practice issued by the proper licensing authority of that state, the refusal to license, register, or reinstate an applicant by that authority, the imposition of probation by that authority, or the issuance or an order of censure or other reprimand by that authority for any reason, other than nonpayment of fees[.]"

{¶45} Appellant contends that, subsequent to the decision by the Ohio medical board but prior to the trial court's decision in the instant action, a West Virginia court reversed and vacated the West Virginia medical board's decision. Appellant contends that the trial court erred when it affirmed the Ohio medical board's decision notwithstanding the West Virginia's court's decision.

{¶46} In its brief to this court, the Ohio medical board concedes that "the Board would not object to a remand in the interests of justice for the narrow and limited purpose of allowing the Board to consider Dr. Webb's one year suspension in light of the fact that one of their bases for discipline may have been overturned." We agree with this approach. See *Wolfe,* 82 Ohio App.3d at 687, 612 N.E.2d 1307 (noting that "it would be a substantial miscarriage of justice" for the Ohio medical board to deny a physician's licensure based upon allegations that were ultimately cleared in another jurisdiction). We further note that the conclusions of law adopted by the Ohio medical board suggest that the Ohio medical board may not have intended to subject appellant to disciplinary action pursuant to R.C. 4731.22(B)(22) in the event that the West Virginia court vacated the West Virginia Board's disciplinary order. Mindful that an appeal of the West

Virginia order was pending when it rendered its decision, the Ohio medical board adopted the hearing officer's conclusion that, "even if the West Virginia Board Order is vacated[,] discipline of Dr. Webb *is justified by * * * his misrepresentations to the Ohio Board.*" (Emphasis added.) Accordingly, we sustain appellant's second assignment of error.

{¶47} For the foregoing reasons, we sustain appellant's first and second assignments of error. The judgment of the Franklin County Court of Common Pleas is reversed and this case is remanded with instructions to remand this matter to the Ohio medical board. Upon remand, the Ohio medical board is instructed to consider whether appellant made statements with an intent to mislead the Ohio medical board. The Ohio medical board is further instructed to consider whether appellant is subject to discipline pursuant to R.C. 4731.22(B)(22), in light of evidence that the West Virginia medical board's decision to take disciplinary action against appellant may have been reversed and vacated by a West Virginia court.

Judgment reversed
and cause remanded.

PETREE and LAZARUS, JJ., concur.