OPINION
{¶ 1} Appellant, Faye F. Istanbooly, M.D., appeals from the December 22, 2003 judgment entry affirming in part and reversing in part the order of appellee, State Medical Board of Ohio ("the Board"), which suspended appellant's certificate to practice medicine and surgery in Ohio for 30 days. For the reasons that follow, we affirm the decision and judgment entry of the trial court.
 {¶ 2} On July 10, 2002, appellant was notified by the secretary of the Board that the Board intended to take disciplinary action against appellant for her failure to truthfully respond to all questions in her April 10, 2000 application for certificate renewal to practice medicine and surgery in Ohio. Specifically, appellant was asked in question five of the renewal application whether or not she had been notified by any board, bureau, department, or agency, of any investigations, charges, or complaints concerning appellant that had been filed against her. Appellant answered in the negative. Appellant further certified that the information she provided on her renewal application was true and correct. The Board alleged that this act, conduct, and/or omission of appellant violated R.C. 4731.22(A) and/or 4731.22(B)(5).
 {¶ 3} Prior to appellant applying for the renewal Ohio certificate, the Michigan Board of Medicine Disciplinary Subcommittee ("Michigan Board"), on December 23, 1998, filed an administrative complaint against appellant, alleging that appellant failed to follow proper procedures in prescribing Adderall, a controlled substance, to her patients. The complaint was amended on July 14, 1999, and appellant received a copy of the amended complaint on July 24, 1999. In a consent order entered into with the Michigan Board, appellant admitted she prescribed the controlled substance without first obtaining a waiver required under Michigan law. On January 17, 2001, after appellant applied for her Ohio renewal application, she signed the consent order and stipulation with the Michigan Board and paid a $2,500 fine. On September 19, 2001, the Michigan Board adopted the consent order and stipulation.
 {¶ 4} At the hearing before the Ohio Board, appellant testified that the Michigan charge was expunged from the National Practitioner Data Bank ("NPDR"). Appellant testified that she did not report the Michigan complaint in her Ohio renewal application because she did not consider it a reportable disciplinary action, but a technical violation. (Tr. 16-18, 20.) Appellant further noted that she believed that she had no obligation to report the matter to the Ohio Board. Appellant testified that her negative response on the renewal application was "an honest misunderstanding and mistake" and that her intentions were not to mislead or misrepresent any fact. (Tr. 25.) Appellant testified that it would not happen again. (Tr. 26.)
 {¶ 5} In the report and recommendation dated December 19, 2002, the hearing examiner concluded that the evidence was sufficient to support the conclusion that appellant intended to mislead the Board. The hearing examiner determined that question five on the renewal application was clear and unambiguous. The hearing examiner concluded, based on appellant's testimony that she wanted to maintain a clean record, that appellant had a motive to mislead the Board. The hearing officer found that appellant's conduct violated R.C. 4731.22(A) and 4731.22(B)(5), and proposed to the Board that appellant's certificate to practice medicine and surgery be suspended for a period of 30 days.
 {¶ 6} Appellant filed objections to the hearing examiner's report and recommendations. The Board, on February 12, 2003, voted 8-0, with two abstentions, to adopt the hearing examiner's report and recommendation. On February 28, 2003, appellant, pursuant to R.C. 119.12, appealed the order of the Board. The trial court concluded that the Board's order was supported by reliable, probative, and substantial evidence. Furthermore, the 30-day suspension pursuant to R.C. 4731.22(B)(5) was in accordance with the law. However, the trial court determined that to the extent the order sought to impose a 30-day suspension and not a revocation or refusal to grant a certificate for violating R.C. 4731.22(A), the order was not in accordance with the law, albeit harmless error on the part of the Board. The language of R.C. 4731.22(A) limits the sanction for a violation of that section to revocation or refusal to grant a certificate. However, appellant was also found to have violated R.C. 4731.22(B)(5), and a 30-day suspension is permitted under that section.
 {¶ 7} In a judgment entry dated December 22, 2003, the trial court affirmed in part and reversed in part the order of the Board. The trial court affirmed the 30-day suspension and held that the partial reversal of the Board's order does not support remanding the appeal to the Board to consider a penalty modification. Appellant appeals from this entry, assigning the following as error:
Assignments of Error
First Assignment of Error: the trial court abused its discretion and erred to appellant's prejudice when it failed to admit reliable, probative, and substantial evidence regarding Dr. Istanbooly's intent.
Second Assignment of Error: the trial court abused its discretion and erred to appellant's prejudice when it found the order of the state medical board of ohio is supported by reliable, probative, and substantial evidence.
Third Assignment of Error: the trial court abused its discretion and erred to appellant's prejudice when it found the order of the State Medical Board of Ohio in accordance with law.
 {¶ 8} As an initial matter, we note that appellate review in this matter is limited. The reviewing trial court is bound to uphold an order of the Board if it is supported by reliable, probative, and substantial evidence, and is in accordance with the law. R.C. 119.12; Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621. In Our Place, Inc. v. Ohio Liquor ControlComm. (1992), 63 Ohio St.3d 570, 571, the Ohio Supreme Court defined the evidence required by R.C. 119.12 as:
(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
(Fn. omitted.)
 {¶ 9} Our review, however, is even more limited than that of the trial court. "The appellate court is to determine only if the trial court has abused its discretion, i.e., being not merely an error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." Pons, at 621. Absent an abuse of discretion, we may not substitute our judgment for those of the medical board or trial court. Id.; see, also, Roy v. OhioState Med. Bd. (1992), 80 Ohio App.3d 675, 680.
 {¶ 10} In her first assignment of error, appellant maintains that it was error for the Board to exclude evidence that was probative of her state of mind in not intending to deceive the Board. Because of this exclusion, appellant maintains that the trial court abused its discretion in affirming the Board's order, as the order was not supported by reliable, probative, and substantial evidence and thus not in accordance with the law.
 {¶ 11} Appellant attempted to introduce evidence, specifically a September 27, 2000 letter from her former attorney to the Michigan attorney general, which was probative to her state of mind regarding her understanding that she would not be disciplined under the Michigan law. The trial court excluded the evidence finding that it was not relevant, it was not authenticated, and it did not support appellant's testimony regarding her state of mind in April 2000. Ohio Rules of Evidence 402 states that it is within the discretion of the trial court to exclude irrelevant evidence. After reviewing the record, we conclude that the trial court did not abuse its discretion in finding that the hearing examiner properly excluded the letter. As such, appellant's first assignment of error lacks merit and is not well-taken.
 {¶ 12} Appellant's second and third assignments of error are interrelated and will be addressed together. In her appeal before the trial court, appellant maintains that there was no evidence that she had the intent to violate R.C. 4731.22(A) and4731.22(B)(5).
 {¶ 13} R.C. 4731.22(A) provides:
The state medial board, by an affirmative vote of not fewer than six of its members, may revoke or may refuse to grant a certificate to a person found by the board to have committed fraud during the administration of the examination for a certificate to practice or to have committed fraud, misrepresentation, or deception in applying for or securing any certificate to practice or certificate of registration issued by the board.
 {¶ 14} R.C. 4731.22(B) states in pertinent part:
The board, by an affirmative vote of not fewer than six members, shall, to the extent permitted by law, limit, revoke, or suspend an individual's certificate to practice, refuse to register an individual, refuse to reinstate a certificate, or reprimand or place on probation the holder of a certificate for one or more of the following reasons:
* * *
(5) Making a false, fraudulent, deceptive, or misleading statement * * *.
 {¶ 15} This court has previously concluded that, to find a violation of R.C. 4731.22(A), the Board must find that the "statements were made with an intent to mislead the medical board." In re Wolfe (1992), 82 Ohio App.3d 675, 687. Likewise, in Rajan v. State Med. Bd. of Ohio (1997), 118 Ohio App.3d 187,194, we concluded that, "the same proof with regard to intent is required under R.C. 4731.22(B)(5) * * *." Accordingly, in order to discipline appellant for violations of R.C. 4731.22(A) or4731.22(B)(5), the Board was required to find that appellant intentionally misled the board.
 {¶ 16} Intent "may be inferred from the surrounding circumstances, e.g., as when a licensee clearly knows something, which he failed to disclose in response to a direct question."Hayes v. State Med. Bd. of Ohio (2000), 138 Ohio App.3d 762,770, quoting Krain v. State Med. Bd. of Ohio (Oct. 29, 1998), Franklin App. No. 97APE08-981. Upon review of the record, we conclude substantial, probative, and reliable evidence supported the Board's finding that appellant engaged in a pattern of intentional misrepresentation in her communications with the Board.
 {¶ 17} Question five on the Ohio renewal application specifically asked:
At any time since signing your last application for renewal of your certificate have you:
* * *
5.) [b]een notified by any board, bureau, department, agency, or other body including those in Ohio, other than this board, of any investigation concerning you, or any charges, allegations, or complaints filed against you?
 {¶ 18} Appellant provided false information on her renewal application when she replied "No" to this question. There was ample evidence presented that appellant had been involved in a disciplinary action and that the Michigan Board had initiated action against her license in that state. Appellant was aware of the administrative complaint filed against her one year and four months prior to her filling out the Ohio renewal application in April 2000. Nine months later, appellant signed the Consent Order and Stipulation, which was later adopted by the Michigan Board. Appellant testified that the charge was later expunged from the NPDR. However, the Ohio renewal application submitted by appellant made no provision for allowing the non-disclosure of disciplinary actions which had been "expunged." Whether or not appellant's Michigan sanction was expunged is immaterial to the issue in this case, which concerns appellant's failure to disclose to Ohio authorities, when required to do so, the fact or existence of the Michigan administrative complaint filed against her.
 {¶ 19} While appellant testified that she is well versed in English and evidence existed that she is highly educated, she maintained that she did not understand the difference between "charges" and "discipline" and she believed she was not required to disclose the Michigan complaint because it did not result in discipline. Appellant's defense that she misunderstood question five is unpersuasive. Question five was clear and unambiguous. There was ample evidence supporting the Board's finding that appellant provided false information on her renewal applications with the intent to deceive or mislead. Appellant clearly knew of the Michigan proceeding, and failed to disclose that information in response to a direct question. See Hayes, at 762; Krain,
supra.
 {¶ 20} Finally, appellant maintains that the Board's order is not in accordance with the law because the imposition of the 30-day suspension, when compared with other discipline imposed by the Board on other physicians, violates her Equal Protection Rights of the Ohio and United States Constitutions. As the basis of her Equal Protection Claim, appellant points to the cases of Drs. Aldrete and Polito.
 {¶ 21} Dr. Aldrete, like appellant, also failed to truthfully complete his renewal application, in failing to list investigations, charges, and lawsuits with respect to his professional license. Dr. Aldrete entered into a consent agreement with the Board and received a 90-day license suspension to practice medicine and surgery in Ohio.
 {¶ 22} Dr. Polito, during the course of his podiatry practice, billed Medical Mutual for a debridement procedure performed on a patient using an incorrect code. Dr. Polito pled guilty to and was found guilty of one misdemeanor count of theft, and paid restitution to Medical Mutual in the amount of $80,000. In a consent agreement entered with the Board, Dr. Polito admitted that his conduct violated R.C. 4731.22(B)(5) and4731.22(B)(11). Dr. Polito's certificate to practice podiatric medicine and surgery was suspended for 30 days.
 {¶ 23} This court has noted that, "in an equal protection claim, the alleged victim has the burden of proving discriminatory intent." Matter of Vaughn v. State Medical Bd. ofOhio (Nov. 30, 1995), Franklin App. No. 95APE05-645, citingVillage of Arlington Heights v. Metropolitan Housing DevelopmentCorp. (1977), 429 U.S. 252, 265, 97 S.Ct. 555. In Vaughn, we found that where a physician offers no evidence to support a claim of discrimination other than a list of other physicians who received lesser sanctions, no equal protection violation is shown. The "standard for determining violations of equal protection is essentially the same under the state and federal law." Beagle v. Walden (1997), 78 Ohio St.3d 59, citing Beattyv. Akron City Hosp. (1981), 67 Ohio St.2d 483, 491.
 {¶ 24} In this case, appellant has failed to prove discriminatory intent. Appellant did not demonstrate how Drs. Aldrete and Polito's situation were similarly situated to hers. Both doctors waived their right to an evidentiary hearing before the Board and entered into consent agreements. Interestingly, appellant maintains that Dr. Aldrete's 90-day suspension for concealing information from the Board is an example of disparate treatment. We are unpersuaded by appellant's argument as appellant's certificate was only suspended for 30 days. Once reliable, probative, and substantial evidence is found to support an order by the medical board, then the reviewing court may not modify the sanction authorized by statute. Henry's Café, Inc.v. Bd. of Liquor Control (1959), 170 Ohio St. 233. See, also,Hale v. Ohio State Veterinary Medical Bd. (1988),47 Ohio App.3d 167 (in considering the appropriateness of a sanction, the trial court is limited to determining whether the sanction is within the range of acceptable choices).
 {¶ 25} Furthermore, appellant violated R.C. 4731.22(A). Pursuant to R.C. 4731.22(A), the Board had within its discretion the ability to revoke or refuse to grant appellant her certificate to practice medicine and surgery. Instead, appellant received a 30-day suspension. Appellant received a lenient sanction, seeing that the Board had the right to permanently revoke appellant's license if the circumstances warranted permanent revocation. Bouquett v. Ohio State Med. Bd. (1997),123 Ohio App.3d 466, 472-473; Roy v. Ohio State Medical Bd.
(1995), 101 Ohio App.3d 352. As such, appellant's equal protection argument lacks merit and is not well-taken.
 {¶ 26} Having conducted a thorough review, we find that the trial court did not abuse its discretion in concluding that there was substantial, reliable, and probative evidence in the record, which supports the findings and action taken by the Board. The evidence reveals that appellant made a false statement in connection with her Ohio renewal application. We find no abuse of discretion on behalf of the trial court in affirming the board's decision that appellant violated R.C. 4731.22(A) and4731.22(B)(5). As such, appellant's second and third assignments of error are not well-taken and are overruled.
 {¶ 27} For the foregoing reasons, appellant's first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Bryant, JJ., concur.