OPINION
{¶ 1} Appellant, Robert S. Coleman, Jr., M.D., appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of the appellee, State Medical Board of Ohio ("board"), suspending his medical license. For the following reasons, we affirm the judgment in part and reverse in part.
 {¶ 2} Appellant graduated from the Ross University School of Medicine ("Ross") in 1995. Before attending Ross, however, appellant attended the University of Health Services in Missouri ("UHS"). While attending UHS, appellant was accused of academic *Page 2 
dishonesty. As a result, the interim dean for academic affairs at UHS dismissed appellant from the school. Appellant appealed his dismissal to the school's president, who reduced the dismissal to a suspension for the remainder of the school year. Appellant then immediately left the school and transferred to Ross.
 {¶ 3} In 1998, appellant applied for and received a license to practice medicine in Ohio. He disclosed in his application that he had transferred from UHS to Ross. The board investigated appellant's time at UHS and received a letter from the school's registrar explaining the circumstances surrounding appellant's suspension from the school.
 {¶ 4} In 2001, appellant applied for a license to practice medicine in North Carolina. In the application, he answered "NO" when asked if he had "ever been denied admission to, suspended, placed on scholastic or disciplinary probation, expelled or requested to resign from any school, medical school, or other similar institution?" By a letter dated January 10, 2002, the North Carolina Medical Board informed appellant that it denied his application. The Board set forth five reasons for its decision, including: engaging in immoral or dishonorable conduct; making false statements or representations or willfully concealing material information from the board in connection with an application; and, engaging in unethical conduct. The letter informed appellant that he could request a hearing concerning his application. Appellant moved back to Ohio shortly thereafter, so he did not request a hearing and took no further action with respect to his North Carolina application.
 {¶ 5} In 2003, appellant applied to renew his Ohio medical license. In the renewal form, he answered "NO" when asked if "any board, bureau, department, agency, *Page 3 
or other body, including those in Ohio, other than this board, filed any charges, allegations or complaints against you?" (Emphasis sic.) The board renewed appellant's medical license.
 {¶ 6} However, by a notice dated July 13, 2005, the board informed appellant that it would determine whether it should sanction his medical license. Specifically, the board alleged that appellant made a false, fraudulent, deceptive, or misleading statement in securing or attempting to secure any certificate to practice or certificate of registration issued by the board, sanctionable pursuant to R.C. 4731.22(B)(5). This allegation concerned appellant's answer in his 2001 North Carolina application that he had never been denied admission to, suspended, placed on scholastic or disciplinary probation, expelled or requested to resign from any school, medical school, or other similar institution. The board also alleged that the North Carolina Medical Board's denial of his 2001 application was sanctionable pursuant to R.C. 4731.22(B)(22).
 {¶ 7} Lastly, the board alleged that appellant made a false, fraudulent, deceptive, or misleading statement in securing or attempting to secure any certificate to practice or certificate of registration issued by the board, sanctionable pursuant to R.C. 4731.22(B)(5). This allegation concerned appellant's answer in his 2003 Ohio renewal application that no board, bureau, department, agency, or other body, including those in Ohio, other than the board, had filed any charges, allegations or complaints against him since his last application. The board alleged that his answer was false because the letter from North Carolina alleged a number of violations against appellant. The board alleged that appellant's conduct constituted fraud, misrepresentation, or deception in applying for or securing any certificate to practice or certificate of registration issued by the board, *Page 4 
sanctionable pursuant to R.C. 4731.22(A). Appellant requested a hearing concerning his license.
 {¶ 8} At the hearing, appellant testified that in the North Carolina application, he answered no when asked if he had ever been suspended from a medical school because he immediately transferred to another school, and therefore, never served his suspension. He testified that in the Ohio renewal application, he answered no when asked if another board had ever filed any charges, allegations or complaints against him because he interpreted the question to pertain to charges regarding patient care. He also explained that because the letter informed him that his application had been denied, he did not think the letter constituted an action or allegation against him, just that it was the North Carolina board's explanation of why it denied his application.
 {¶ 9} The hearing officer found that appellant's explanation for his "patently untrue" answer in the North Carolina application was not credible. The hearing officer noted that appellant's explanation for his false answer in the Ohio renewal application might have been plausible, but for his "egregious misrepresentation" in the North Carolina application. Thus, the hearing officer concluded that appellant engaged in the conduct alleged in the board's notice, which was sanctionable pursuant to R.C. 4731.22(A) and (B)(5).[1] However, recognizing appellant's "convincing commitment to the profession" and his "potential benefit to the profession and the public," the hearing officer recommended that his license be suspended for an indefinite period of time not less than 180 days. *Page 5 
Over appellant's objections, the board approved and adopted the hearing officer's recommendation.
 {¶ 10} Appellant appealed the board's order to the Franklin County Court of Common Pleas, which affirmed the board. Appellant appeals and assigns the following errors:
 FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THE ORDER OF THE STATE MEDICAL BOARD OF OHIO IS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE.
 SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THE ORDER OF THE STATE MEDICAL BOARD OF OHIO IN ACCORDANCE WITH LAW.
 {¶ 11} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with law.Huffman v. Hair Surgeon, Inc. (1985), 19 Ohio St.3d 83, 87. On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village School Dist. Bd. of Edn. v. StateBd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination as to whether the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675,680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore *Page 6 
(1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 339, 343.
 {¶ 12} In his first assignment of error, appellant contends that the evidence did not support the conclusion that he intentionally misled, deceived or defrauded either North Carolina or Ohio in his applications. In order to sanction a physician for violations of R.C. 4731.22(A) or4731.22(B)(5), the board is required to find that the physician intended to mislead the board. Webb v. State Med. Bd. of Ohio,146 Ohio App.3d 621, 2001-Ohio-3991, at ¶ 35; Instanbooly v. Ohio State Med. Bd., Franklin App. No. 04AP-76, 2004-Ohio-3696, at ¶ 15. Intent may be inferred from the surrounding circumstances, such as when a licensee clearly has information which he fails to disclose in a response to a direct question. Id.
 {¶ 13} We will address appellant's North Carolina application first. Appellant did not disclose that he had been suspended from UHS. He claims that he did not disclose the suspension because he did not serve it. The hearing officer found appellant's explanation not credible. The board agreed. The application's question is clear and direct: it asks whether the applicant had ever been suspended from any medical school. Appellant was suspended from UHS, a fact appellant does not dispute. The fact that appellant transferred to another school after UHS imposed the suspension is irrelevant to a reasonable, honest answer to the question. The question does not ask whether appellant ever served a suspension. Given these circumstances, the trial court did not abuse its discretion in finding that reliable, probative, and substantial evidence supports *Page 7 
the board's determination that appellant intended to mislead with this false answer. See id. at ¶ 18-19 (false answer to clear and unambiguous question supported finding of violation).
 {¶ 14} We next address appellant's Ohio renewal application. In that application, appellant denied that another regulatory body had filed allegations, charges, or a complaint against him. The board claimed that North Carolina's letter informing appellant that his application was denied, and stating the reasons for the denial, constituted allegations or charges filed against him that appellant should have disclosed. Appellant claimed, in part, that he did not understand the letter to be a charge or allegation filed against him.
 {¶ 15} The question at issue here is less than clear and direct when applied to the facts of this case. North Carolina's letter to appellant advised him that his application had been denied and stated the board's reasons for that denial. It did not charge appellant with anything or require appellant to take any action. Additionally, there is no indication in the letter that any charges had been filed against appellant. Appellant did not contest the denial, and he took no further action after receiving the letter. There is no other evidence that appellant intended to mislead the board when he denied that another regulatory body had filed allegations, charges, or a complaint against him. Given these undisputed facts, we find that the trial court abused its discretion in affirming this aspect of the board's order.
 {¶ 16} Therefore, we overrule that part of appellant's first assignment of error concerning appellant's violation of R.C.4731.22(B)(5) in connection with his North Carolina application, but we sustain that part of appellant's first assignment of error *Page 8 
concerning his alleged violation of R.C. 4731.22(A) and 4731.22(B)(5) in connection with his Ohio renewal application.
 {¶ 17} Appellant contends in his second assignment of error that the board violated his due process rights. We disagree. The fundamental requirement of procedural due process is notice and hearing, that is, an opportunity to be heard. Korn v. Ohio State Med. Bd. (1988),61 Ohio App.3d 677, 684, citing Luff v. State (1927), 117 Ohio St. 102. To comply with due process in an administrative proceeding, involving the potential revocation of an individual's license to practice a profession, notice and a hearing are necessary. Korn at 684, citingJewell v. McCann (1917), 95 Ohio St. 191; Black v. State Bd. ofPsychology, 160 Ohio App.3d 91, 2005-Ohio-1449, at ¶ 7.
 {¶ 18} Appellant received notice of the board's allegations against him and received a full opportunity to respond to those allegations at a hearing in front of an impartial board. He does not contend otherwise. To the extent he claims that the board's decision violates his due process rights because it was not supported by reliable, probative, and substantial evidence, we have already addressed the evidence supporting the board's decision in appellant's first assignment of error. Appellant's second assignment of error is overruled.
 {¶ 19} An appellate court may remand to the administrative agency for reconsideration of a sanction where the court finds one or more of multiple violations to be unsupported by reliable, probative, and substantial evidence. Parrish v. Ohio Dept of Agriculture, Franklin App. No. 06AP-314, 2006-Ohio-6434, at ¶ 20; Rossiter v. Ohio State Med.Bd. (Apr. 25, 2002), Franklin App. No. 01AP-1252. We have determined that the trial court abused its discretion when it found reliable, probative, and substantial evidence *Page 9 
supported the board's decision with respect to alleged violations in appellant's Ohio renewal application. Given the circumstances of this case, we remand the matter to the board for it to reconsider, in its discretion, an appropriate sanction for the remaining violations.
 {¶ 20} In conclusion, appellant's first assignment of error is sustained in part and overruled in part. His second assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded to that court with instructions to remand the matter to the board to reconsider an appropriate sanction in light of this court's decision.
Judgment affirmed in part and reversed in part; and cause remandedwith instructions.
SADLER, P.J., and McGRATH, J., concur.
[1] Appellant does not contest the hearing examiner's conclusion that, pursuant to R.C. 4731.22(B)(22), his North Carolina application was denied by that state's medical board. Thus, the only issues in this appeal involve his 2001 North Carolina application and his 2003 Ohio renewal, and he still is subject to sanctions based on R.C.4731.22(B)(22), regardless of this court's conclusions regarding the other violations. *Page 1